DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Johnathan Thomas, appeals from the decision of the Wayne County Common Pleas Court, finding him guilty of gross sexual imposition, a felony in the third degree, and in violation of R.C.2907.05(4). We affirm.
 {¶ 2} Defendant was indicted on March 24, 2004, on one count of rape, a felony in the first degree, in violation of R.C. 2907.02. The indictment was subsequently amended to charge Defendant with one count of gross sexual imposition, a felony in the third degree, in violation of R.C. 2907.05(4). Defendant entered a plea of no contest to the one count of gross sexual imposition.
 {¶ 3} The trial court conducted a sexual predator and sentencing hearing on September 24, 2004. A journal entry, also dated September 24, 2004, stated that Defendant was to be incarcerated for a period of three years, and was to be classified as a sexual predator, pursuant to R.C.2950.09(B)(2).
 {¶ 4} Defendant appeals his sentence and sexual predator classification, asserting two assignments of error for our review. For ease of discussion, we will consider the assignments of error out of order.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN CLASSIFYING [DEFENDANT] AS A SEXUAL PREDATOR WHERE THE FACTUAL CRITERIA TO WARRANT SUCH A DESIGNATION WERE NOT PRESENT."
 {¶ 5} In his second assignment of error, Defendant argues that the trial court erred in classifying him as a sexual predator. Specifically, Defendant asserts that the evidence offered at the sexual predator hearing was insufficient to support the finding that he was likely to reoffend. Defendant argues that "[t]he assessment of the sexual predator designation was the product of the trial court's misplaced overassessment of [Defendant], rather than the evidence presented at the hearing." We disagree.
 {¶ 6} Under R.C. 2950.01(E)(1), the definition of sexual predator includes an individual who has pleaded guilty to committing a sexually-oriented offense and "is likely to engage in the future in one or more sexually oriented offenses." When classifying an individual as a sexual predator, the trial court must consider all relevant factors, including those stated in R.C. 2950.09(B)(3). While the trial court is required to consider every statutory factor, the court need not find that every factor applies in order to determine that an individual is a sexual predator. State v. Smith (June 2, 1999), 9th Dist. No. 18622, at 5. The trial court's determination must be supported by clear and convincing evidence. State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203, at ¶ 10.
 {¶ 7} This Court will overturn a sexual predator determination only upon a finding that the trial court's decision was clearly erroneous.State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. As long as some competent, credible evidence supports the classification, we must affirm the court's decision. Id. In other words, reversal is reserved for exceptional cases where a judgment is so contrary to all reasonable inferences which could be drawn from the evidence that the result is a "complete violation of substantial justice[.]" Shepherd v. Freeze, 9th Dist. No. 20879, 2002-Ohio-4252, at ¶ 8, quoting Royer v. Bd. of Edn.
(1977), 51 Ohio App.2d 17, 20.
 {¶ 8} Defendant in this case pleaded no contest to gross sexual imposition, in violation of R.C. 2907.05(A)(4), which is a sexually oriented offense. R.C. 2950.01(D)(1)(a). Evidence at the hearing showed the following with regard to the relevant R.C. 2950.09(B)(3) factors: Defendant was 28 years old when he committed the instant offense (R.C.2950.09(B)(3)(a)); the victim is ten years of age; Defendant is under indictment in the state of Tennessee for engaging in sexual activity with a three-year-old girl; Defendant has repeatedly downloaded child pornography on his computer; Defendant made a statement that he is "addicted" to child pornography; Defendant has failed to acknowledge the extent of his deviant behavior and has thereby minimized his conduct.
 {¶ 9} In addition to these factors, this Court has previously noted that:
"overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. * * * The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." (Citations omitted.) State v. Austin (Nov. 21, 2001), 9th Dist. No. 20554, at 6.
Multiple offenses involving young victims may, in and of themselves, support a sexual predator classification. See State v. Linton (Sept. 29, 1999), 9th Dist. No. 19170, at 17-18.
 {¶ 10} After reviewing the evidence in the record, we cannot say that the decision of the trial court classifying Defendant a sexual predator was clearly erroneous. The finding that Defendant is likely to re-offend is supported by competent, credible evidence, and this Court cannot say there was a "complete violation of substantial justice." Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED BY IMPOSING A SENTENCE LONGER THAN THE SHORTEST AUTHORIZED SENTENCE, WHEN [DEFENDANT] HAD NOT PREVIOUSLY SERVED A PRISON TERM. AS AT THE SENTENCING HEARING, THE COURT DID NOT MAKE ONE OF THE REQUISITE FINDINGS UNDER R.C. 2929.14(B)."
 {¶ 11} In his first assignment of error, Defendant argues that the trial court erred during his sentencing when it failed to make one of the requisite findings on the record under R.C. 2929.14(B). Specifically, Defendant asserts that the trial court should have sentenced him to the shortest authorized sentence because he had not previously been incarcerated, and that the trial court did not state certain findings on the record, as dictated in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. This Court finds this argument is without merit.
 {¶ 12} Defendant, a first time offender, was given a three-year prison sentence on the one count of gross sexual imposition, a third-degree felony. The trial court could have sentenced Defendant to a prison term of one, two, three, four or five years, according to R.C. 2929.14(A)(3). Defendant maintains that the trial court "failed to state at the sentencing hearing that imposing the minimum sentence would demean the seriousness of [Defendant's] crimes or fails to protect the public from future crimes committed by [Defendant]."
 {¶ 13} The Supreme Court of Ohio held that, "pursuant to R.C.2929.14(B), when imposing a nonminimum sentence on a first [time] offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing." Comer at ¶ 26. Under R.C. 2929.14(B)(2), the statutorily sanctioned findings are 1) the minimum sentence will demean the seriousness of the offender's conduct, or 2) the minimum sentence will not adequately protect the public from future crime by the offender or others. The Ohio Supreme Court has interpreted the phrase "on the record" to mean:
"unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencinghearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. * * * (Emphasis added.) State v. Edmonson (1999),86 Ohio St.3d 324, 326.
 {¶ 14} At Defendant's sentencing hearing, the trial court stated:
"Well, the Court's considered the presentence report, the letters the Court received from interested people, the nature of the offense, the age of the victim. I also have to consider, Mr. Thomas, the fact that there is a pending indictment in the State of Tennessee for like conduct. * * * It's not for this Court to determine whether or not you committed that offense. But the Court is entitled to consider that information. * * * But I believe at this point in time given all the factors I've cited you still pose a risk to children of this community and to the State of Ohio and to other jurisdictions."
 {¶ 15} In the case at bar, this Court cannot say these statements complied with the required analysis before departing from imposing a minimum sentence. However, we conclude that Defendant failed to object to the sentencing procedure and bring any error to the attention of the trial court at that time, and has therefore waived any error on appeal.State v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 27-28. See, also, State v. Dent, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶ 6, citingState v. Awan (1986), 22 Ohio St.3d 120, syllabus. Despite the trial court not adhering to Comer, this Court believes that the trial court's imposition of a more-than-minimum sentence on Defendant should have triggered an objection to the failure to apply the minimum sentence, or, alternatively, an objection to the court's statements at the sentencing hearing. The record reflects that after the trial court sentenced Defendant to three years incarceration, both parties were asked if there was anything else that needed to be addressed, and both the State and Defendant's counsel replied that there was nothing further. Consequently, the failure to enter a timely objection constitutes a waiver of the error attempted to be raised now on appeal.
 {¶ 16} Defendant's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. concurs.