OPINION
{¶ 1} Appellant David Nesser, Jr. appeals the decision of the Licking County Court of Common Pleas challenging the imposition of consecutive sentences totaling a prison term of nine years. The following facts give rise to this appeal.
 {¶ 2} On September 4, 2002, appellant was convicted of three counts of gross sexual imposition, a third degree felony. The jury found appellant guilty of inserting his penis, into the cheeks of the buttocks, of a three-year-old child, with whom he was residing. At the time appellant committed these acts against the three-year-old victim, appellant was on non-reporting probation, for a felony conviction in Florida, for lewd and lascivious acts in front of a child. On October 3, 2002, the trial court sentenced appellant to three years, on each count, to be served consecutively.
 {¶ 3} Appellant timely filed a notice of appeal. However, the attorney representing appellant failed to file a brief on his behalf. Thereafter, on March 26, 2003, we dismissed appellant's appeal. Subsequently, appellant filed a motion to reopen his appeal, which we granted.
 {¶ 4} Appellant sets forth the following assignment of error for our consideration:
 {¶ 5} "I. THE TRIAL COURT ERRED IN ORDERING CONSECUTIVE SERVICE OF NESSER'S PRISON TERMS."
 I {¶ 6} In his sole assignment of error, appellant maintains the imposition of consecutive sentences was improper given the mitigating circumstances of his background and the lack of substantial evidence of harm to the victim. We disagree.
 {¶ 7} An appellate court reviews a felony sentence under a clear and convincing evidence standard of review. We may not disturb a sentence unless we clearly and convincingly find that the record does not support the trial court's findings or that the sentence is otherwise contrary to law. Clear and convincing evidence is that evidence "* * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 8} In addressing the argument set forth by appellant, we note that appellant is not arguing the trial court failed to make the requisite findings or explain its reasons for imposing the consecutive sentence. Instead, appellant claims there were mitigating circumstances which rendered consecutive sentences inappropriate.
 {¶ 9} In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14(E)(4), which provides:
 {¶ 10} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17 or2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} "Consecutive sentences are reserved for the worst offenses and offenders." State v. Comer, 99 Ohio St.3d 463, at ¶ 21, 2003-Ohio-4165 (Citation omitted). Thus, in imposing consecutive sentences, the trial court, at the sentencing hearing, is required to orally make its findings and state its reasons on the record. Id. at paragraph one of the syllabus.
 {¶ 14} In Comer, supra, the Ohio Supreme Court stated: "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. 2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. * * * Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. * * * Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." (Emphasis sic.) Comer, supra, at ¶ 13.
 {¶ 15} In the case sub judice, the trial court stated as follows concerning its decision to impose a consecutive sentence:
 {¶ 16} "* * * I'm aware of the impact that this has had on the child involved in this case, the impact on the family of the victim as well. The Court notes that the defendant is a repeat offender, was under community control sanctions at the time of the offense, and noting that he denies any involvement, obviously takes no responsibility for his conduct. The Court also determines that the defendant is a risk to reoffend.
 " * * * {¶ 17} "* * * Counts 1, 2, and 3 shall run consecutively, the Court in this matter making a determination that consecutive prison terms are required in this case, are necessary to protect the public and punish the offender. The sentence is not so disproportionate based upon the facts and circumstances; that the crimes were committed while the defendant was under community control, and the criminal history of the defendant shows that consecutive terms are needed to protect the public. Further, the Court would note that the victim in this case was a very young age. There was obviously psychological harm done, though, to this victim. The Court is concerned about the high risk of the defendant to reoffend and, therefore, those are the reasons for consecutive sentences. Tr. Sentencing Hrng., Oct. 3, 2002, at 8-9.
 {¶ 18} Appellant argues the trial court failed to take into consideration that six and one-half years transpired between his conviction in Florida and his conviction in this matter. Appellant also challenges the trial court's decision claiming the record lacks evidence that the harm to the three-year-old victim was so devastating that nine years incarceration is necessary to punish him. Finally, appellant maintains he has led a substantially law-abiding life, that he was gainfully employed and that he has the love and support of his family. Appellant concludes that based upon these mitigating facts, the trial court erred when it imposed the consecutive sentence.
 {¶ 19} We do not clearly and convincingly find that the record does not support the trial court's decision to impose a consecutive prison term in this matter. The appellant committed this offense while on probation for a similar offense. Appellant's conduct resulted in serious psychological harm to the victim. The victim's mother testified, at appellant's sentencing, that appellant "has hurt [the child] in the sense he has taken from him the trust and love of a child." Sentencing Hrng., Oct. 3, 2002, at 6. Further, the appellant's relationship with the victim facilitated the offense. The victim was only three-years-old. Finally, appellant took no responsibility for his actions.
 {¶ 20} In addition to these factors, it is important to note that:
 {¶ 21} "[O]verwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. * * * [T]he sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." State v. Thomas, Wayne App. No. 04CA0073, 2005-Ohio-3307, at ¶ 9, citing State v. Austin (Nov. 21, 2001), Summit App. No. 20554, at 6.
 {¶ 22} Finally, we would note that other appellate districts have refused to address the argument raised by appellant, that is, the trial court was simply wrong in the conclusion that it reached. Such an argument has nothing to do with whether the trial court failed to follow some required procedure to impose the sentence it selected. Such an argument is not a proper ground for appeal under R.C. 2953.08(A) or a matter for which R.C.2953.08(G) permits appellate review. State v. Furrow, Champaign App. No. Civ.A. 03CA19, 2004-Ohio-5272, at ¶ 53.
 {¶ 23} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs assessed to Appellant.