JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Jameel Younger ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm in part, reverse in part and modify the sentence.
 I. {¶ 2} In September 2004, appellant was indicted on two counts: one count of rape and one count of gross sexual imposition, alleging that appellant engaged in sexual conduct with the victim, a 14-year-old girl, whose ability to resist or consent was substantially impaired because of a mental or physical condition. The indictment also alleged that appellant knew or had reasonable cause to believe that the victim's ability to resist or consent was substantially impaired because of her mental or physical condition, in violation of R.C. 2907.02.
 {¶ 3} The second count of the indictment charged appellant with gross sexual imposition, in violation of R.C. 2907.05. After several pretrials and full discovery, appellant elected to maintain his not guilty plea and proceed with a jury trial. At the conclusion of the jury's deliberation, appellant was found guilty on both counts and sentenced to serve a four-year term of incarceration on count one and a one-year term on count two. The trial court ordered the two counts to be served consecutive to each other, thereby resulting in a sentence of five years. Appellant filed this appeal, challenging the jury's verdict.
 {¶ 4} According to the facts adduced at trial, Dorothy Younger is appellant's older cousin. In September 2004, appellant encountered some problems at his residence and asked his cousin if he could stay at her home for a few days. Ms. Younger testified that she agreed. On September 13, 2004, Ms. Younger learned that her 14-year-old daughter's best friend, the victim, was coming over to spend the night. Ms. Younger worked the night shift from 11 p.m. to 7 a.m. that night as a nursing assistant.
 {¶ 5} The victim testified that she was at her best friend's home and had previously seen the appellant at her friend's home on two earlier occasions. On these two prior occasions, appellant never spoke to nor engaged the victim in any type of conversation. The victim testified that she slept in a pair of shorts and a tee shirt. She fell asleep around 2:55 a.m. and was awakened by someone or something touching her vaginal area. When she fully opened her eyes, she saw appellant's head in her vaginal area and felt his tongue and fingers touching her vagina. When appellant saw that the victim was crying and not responding as he expected, he ran into the hallway.
 {¶ 6} Appellant's cousin testified that the victim relayed to her what had happened. Specifically, the victim told her that appellant had touched her. The daughter of appellant's cousin testified that she always closes her door at night prior to going to bed. However, when the victim awakened her, the door was open. When she entered the hallway, she saw appellant running down the stairs. She inquired as to why he was upstairs, and appellant responded that his asthma was acting up. However, appellant's cousin testified that, to her knowledge, appellant never suffered from asthma. Shortly after the incident, the victim and her mother were transported to University Hospitals, where Dr. Haddad examined the victim. At the conclusion of the jury trial, the appellant was found guilty of both charges. Appellant now appeals his conviction and sentence.
 II. {¶ 7} Appellant's first assignment of error states the following: "The appellant's rape conviction is based on insufficient evidence where the government failed to demonstrate the essential element of sexual conduct."
 {¶ 8} Appellant's second assignment of error states the following: "Appellant's conviction for rape is insufficient because being asleep is not a `mental or physical condition' as contemplated by R.C. 2907.02(A)(1)(c); instead, the appellant should have been indicted with sexual battery."
 {¶ 9} Appellant's third assignment of error states the following: "Appellant's conviction for gross sexual imposition is insufficient because sleep is not a `mental or physical condition' as contemplated by R.C. 2907.02(A)(1)(c); instead, the appellant should have been indicted with sexual battery."
 {¶ 10} Appellant's fourth assignment of error states the following: "The trial court erred in sentencing Mr. Younger to a term of incarceration beyond the minimum where Mr. Younger did not admit to a prior term of incarceration and the fact was not found beyond a reasonable doubt by a jury."
 {¶ 11} Appellant's fifth assignment of error states the following: "The trial court erred when it ordered consecutive sentences without furnishing the necessary findings and reasons required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)."
 {¶ 12} Appellant's sixth assignment of error states the following: "Counts one and two — rape and gross sexual imposition — should have merged for purposes of sentencing; as such, the imposition of a term of incarceration on both counts is contrary to law."
 {¶ 13} Appellant's seventh assignment of error states the following: "The imposition of consecutive sentences require[s] factual findings that are not admitted by the defendant or proven to a jury beyond a reasonable doubt, thus imposition of consecutive sentences violates one's Sixth Amendment right to trial by jury."
 {¶ 14} Appellant's eighth assignment of error states the following: "The trial court committed plain error in failing to provide the jurors with a complete instruction regarding the definition of sexual conduct."
 III. {¶ 15} Because of the substantial interrelation between appellant's first three assignments of error, we shall address them together.
 {¶ 16} In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court reexamined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"
Id. at paragraph two of the syllabus.
 {¶ 17} More recently, in State v. Thompkins (1997),78 Ohio St.3d 380, the Ohio Supreme Court stated the following with regard to the "sufficiency" as opposed to the "manifest weight" of the evidence:
"With respect to sufficiency of the evidence, `sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. Black's Law Dictionary (6th Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain the conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v.Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560."
Id. at 386-387.
 {¶ 18} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984), 10 Ohio St.3d 167.
 {¶ 19} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely
(1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 20} R.C. 2907.02(A)(1), the rape statute, provides the following:
"(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
"(a) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception.
"(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
"(c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age."
 {¶ 21} R.C. 2907.01(A) defines sexual conduct to mean "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." The Ohio jury instructions define cunnilingus as a "sexual action committed with the mouth and the female sex organ."
 {¶ 22} The evidence in the case at bar demonstrates that the appellant engaged in sexual conduct known as cunnilingus when he placed his mouth on the victim's vagina. Dr. Haddad testified that the victim told him that she had been licked in her private area; however, he did not go into details.[1] In addition to the medical testimony presented at trial, the victim and appellant's cousin provided testimony further supporting appellant's conviction.
 {¶ 23} Appellant, in his own statement to the police, could not provide a logical reason as to why his cousin would fabricate a story that she saw him running down the stairway.[2] The weight of the evidence and the credibility of the witnesses are primarily a matter for the trier of fact, and a reviewing court will not reverse a verdict where there is substantial and credible evidence upon which the trier of fact could reasonably conclude that all elements of the offense have been proven beyond a reasonable doubt. State v. DeHass (1967), 10 Ohio St.2d 23.
 {¶ 24} The trier of fact, the jury, reached a conclusion that, based upon the evidence, the state proved beyond a reasonable doubt all the essential elements of rape. We find that appellant's rape conviction in the case at bar is supported by sufficient evidence, which proved the element of sexual conduct.
 {¶ 25} Appellant's first assignment of error is overruled.
 {¶ 26} Appellant argues in his second and third assignments of error that the convictions for rape and gross sexual imposition were based on insufficient evidence. We find appellant's argument to be without merit. Appellant erroneously relied on State v. Tollivar (July 31, 1997), Cuyahoga App. No. 71349, to support his proposition of law. In Tollivar, the victim was substantially impaired due to voluntary intoxication. The trial court found the defendant guilty of sexual battery. In the case at bar, there was no evidence suggesting that the victim was intoxicated or under the influence of any type of drug which caused impairment. Instead, the victim was sleeping when she awoke and found appellant performing oral sex on her.
 {¶ 27} In addition, appellant erroneously relied upon Statev. Byrd, Cuyahoga App. Case No. 82145, 2003-Ohio-3958. InByrd, the defendant was charged with two counts of gross sexual imposition against a 14-year-old and a 15-year-old girl, respectively. In each instance, the defendant touched the leg and vaginal area of each victim while they were sleeping. The defendant was found guilty of both counts of sexual imposition.
 {¶ 28} In contrast, there are cases in which defendants who have engaged in sexual conduct, including oral sex or cunnilingus, have been found guilty of rape. For example, this court affirmed a rape conviction in State v. Sullivan (Oct. 7, 1993), Cuyahoga App. No. 63818, where the sleeping victim awoke to find the defendant performing oral sex on her. Moreover, appellant failed to cite relevant case law in which any court had made a determination that sleep is not a mental or physical condition contemplated by R.C. 2907.02(A)(1)(c). Appellant's convictions for rape and gross sexual imposition are supported by the evidence.
 {¶ 29} Appellant's second and third assignments of error are overruled.
 IV. {¶ 30} Because of the substantial interrelation between appellant's fourth, fifth and seventh assignments of error, we shall address them together. Appellant argues in his fourth and fifth errors that the trial court erred in sentencing him to a term of incarceration beyond the minimum and ordering consecutive sentences without furnishing the necessary findings. Appellant further argues in his seventh assignment of error that the imposition of consecutive sentences violates his Sixth Amendment rights.
 {¶ 31} R.C. 2953.08(B)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under S.B. 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law.
 {¶ 32} Appellant mistakenly relied upon Blakely v.Washington (2004), 124 S.Ct. 2531, to support his position that the court could not impose a term of incarceration beyond the minimum possible time for incarceration. However, appellant's reliance is misplaced.
 {¶ 33} In Blakely, the court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. In the case at bar, the trial court did not increase the penalty it imposed upon the appellant beyond the prescribed statutory maximum.
 {¶ 34} Instead, the trial court, well within its right, imposed a five-year term of incarceration for a first-degree felony and a felony of the third degree. In imposing this sentence, the trial court complied with the statutory requirements of S.B. 2. Moreover, as noted by the state during the sentencing phase, R.C. 2929.13(F)(2), "* * * the court shall impose a prison term for any of the following offenses: * * * any rape, regardless of whether force was involved and regardless of the age of the victim * * *."
 {¶ 35} Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 36} Appellant argues in his fifth assignment of error that the trial court erred when it ordered consecutive sentences without furnishing the necessary findings and reasons required by R.C. 2929.14(E)(4) and 2929.19(B)(2).[3] Appellant argues in his seventh assignment of error that the imposition of consecutive sentences violated his Sixth Amendment right to trial by jury. We do not find merit in appellant's arguments.
 {¶ 37} R.C. 2929.14(E)(4) states the following:
"(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 38} The evidence in the case at bar supports the trial court's sentence. The lower court held a trial, evaluated evidence, and listened to testimony from several different witnesses. The lower court heard testimony from Dorothy Younger, Reasha Barrow, Tierra Barrow, Haitham Haddad, M.D., Tiana Younger, Chad Britton, and Detective Daniel Ross.
 {¶ 39} The trial court judge stated the following in the record:
"So as not to demean the seriousness of this offense and to make sure that the public is adequately protected, I am sentencing you on the rape four years at the Lorain Correctional Institution."[4]
 {¶ 40} The lower court also stated the following: "The GSI I am going to run consecutively. I think it is necessary to protect the public and to punish the offender and is not disproportionate and, further, this crime was committed while he was under community control to the court on two cases and the Court wants this sentence to reflect the seriousness of the conduct such that once Mr. Younger is released, he will not think about committing such offenses again."[5]
 {¶ 41} In addition, the lower court gave appellant every opportunity to speak prior to sentencing. The trial court asked the appellant if he had anything to say regarding sentencing, and he replied, "Oh, no." The trial judge then asked, "You have nothing to say today?" and appellant again replied, "No."[6]
 {¶ 42} We find that the trial court complied with Ohio law and its actions were proper. The lower court did not err when it ordered consecutive sentences. There is nothing in the record demonstrating that the trial court acted improperly or failed to comply with R.C. 2929.14.
 {¶ 43} Appellant's seventh assignment of error is similar to his fourth assignment of error. Appellant still erroneously relies upon Blakely v. Washington (2004), 124 S.Ct. 2531, to support his position that the court could not impose consecutive sentences.
 {¶ 44} The case of State v. Bruce, Hamilton App. No. C-040421, 2005-Ohio-373, reiterates the same proposition of law in Blakely v. Washington and Apprendi v. New Jersey (2000),120 S.Ct. 2348. The facts of Bruce are not analogous to the facts in the case at bar. During the sentencing phase, the trial court in Bruce imposed the maximum sentence after it made a factual finding that "the defendant was an offender who had committed the worst form of the offense * * *." The Bruce court ruled that the defendant must admit such a finding or prove to a jury beyond a reasonable doubt before the trial court can impose a sentence beyond the statutory maximum.
 {¶ 45} As previously mentioned, the appellant in the case at bar was not sentenced to a term beyond the statutory maximum. Instead, he was sentenced to a five-year consecutive term of incarceration.
Therefore, neither the Apprendi, Blakely nor Bruce case apply in this matter.
 {¶ 46} Accordingly, appellant's fifth and seventh assignments of error are overruled.
 V. {¶ 47} Appellant argues in his sixth assignment of error that the rape and gross sexual imposition counts should have merged for purposes of sentencing.
 {¶ 48} R.C. 2941.25, Multiple Counts, states the following:
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 49} Appellant was convicted of two offenses. The first was a violation of R.C. 2907.02, Rape, which provides:
"(A) (1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
* * *
"(c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age."
 {¶ 50} The second was a violation of R.C. 2907.05, Gross Sexual Imposition, which states in pertinent part:
"(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* * *
"(5) The ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age."
 {¶ 51} A comparison of the elements of these two offenses, GSI and rape, reveals a singularity or purpose and conduct that GSI may be implicit within every rape. See State v. Mitchell
(1983), 6 Ohio St.3d 416, 418.
 {¶ 52} Gross sexual imposition and rape are allied offenses of similar import. State v. Jones (1996), 114 Ohio App.3d 306,325, citing State v. Abi Sarkis (1988), 41 Ohio App.3d 333. Appellant may not be sentenced for both where they arise from the same conduct. Thus, we must determine if the acts in the instant case constitute different and distinct instances, although in close proximity, or a single, simultaneous act. It appears from the victim's testimony that appellant was touching her at the same time he was orally assaulting her. It also appears as though any touching was to assist in committing the rape. The victim testified:
Q: And you said that he had his face in your vagina area?
A: Yes. Like it was towards my vagina, like he was licking me; well, he was like licking me.
Q: So he was licking you. Was he touching you as well with his hand?
A: Yes, he was, like he was opening it."
 {¶ 53} The victim did not testify to any further touching by the appellant. Thus, we find that the rape and GSI convictions merge for purposes of sentencing, and appellant may only be convicted of one offense pursuant to R.C. 2941.25.
 {¶ 54} Appellant's sixth assignment of error is sustained.
 {¶ 55} Appellant argues in his eighth and final assignment of error that the lower court committed plain error in failing to provide the jurors with a complete instruction regarding the definition of sexual conduct.
 {¶ 56} As previously stated, the facts in this case dealt with cunnilingus, a sexual act committed with the mouth and the female sex organ.[7] The 14-year-old victim stated that appellant touched her vagina with his hand, gross sexual imposition, and licked her vagina with his tongue, rape via sexual conduct known as cunnilingus.
 {¶ 57} The law requires no further activity to constitute cunnilingus under R.C. 2907.01(A) beyond the placing of one's mouth on a female's vagina. State v. Falkenstein, Cuyahoga App. No. 83316, 2004-Ohio-2561.
 {¶ 58} The Supreme Court of Ohio has held the following regarding an instruction on gross sexual imposition when the basis for the rape charge is cunnilingus:
 {¶ 59} "Even assuming that the jury might reasonably conclude that there was no penetration, [appellant] was not entitled to an instruction on the lesser included offense of gross sexual imposition. Penetration is not required to commit cunnilingus. Rather, the act of cunnilingus is completed by placing one's mouth on the female's genitals." State v. Lynch,98 Ohio St.3d 514, 2003-Ohio-2284, at p. 86, citing State v. Ramirez (1994),98 Ohio App.3d 388, 393 and State v. Bailey (1992),78 Ohio App.3d 394, 395.
 {¶ 60} "Cunnilingus" is specifically mentioned in the definition of sexual conduct. Therefore, an act of cunnilingus, standing alone, is sufficient to meet the sexual conduct requirement of R.C. 2907.02. The state does not need to demonstrate there was penetration of the tongue into the vagina under the "catch all" provision of the sexual conduct definition, which prohibits the insertion of any instrument or body part into another's vagina. Presumably, this rationale was the basis for the Supreme Court of Ohio's holding in State v. Lynch. Id.
 {¶ 61} The issue in the case at bar dealt with cunnilingus. As such, appellant's plain error argument that the trial court failed to instruct the jury regarding penetration is not relevant to this case.
 {¶ 62} Accordingly, appellant's eighth assignment of error is overruled.
 {¶ 63} Based on the disposition of appellant's sixth assignment of error, we affirm appellant's rape conviction, but vacate the GSI conviction, and remand to modify appellant's sentence to vacate the GSI sentence.
 {¶ 64} Judgment affirmed in part, reversed in part and remanded to modify the sentence.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Kilbane, J., concur.
[1] Tr. 221, 224.
[2] Tr. 278.
[3] R.C. 2929.19(B) (2) states the following: "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"(a) Unless the offense is a violent sex offense or designated homicide, assault, or kidnapping offense for which the court is required to impose sentence pursuant to division (G) of section2929.14 of the Revised Code, * * *.
"(b) If it does not impose a prison term for a felony of the first or second degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and for which a presumption in favor of a prison term is specified as being applicable, its reasons for not imposing the prison term and for overriding the presumption, based upon the overriding purposes and principles of felony sentencing set forth in section2929.11 * * *.
"(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences;
"(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term;
"(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
[4] Tr. 387.
[5] Tr. 389-390.
[6] Tr. 385.
[7] Tr. 341-342.