DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Barry Dion Jones, appeals his conviction and classification as a sexual predator out of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted on December 27, 2004 on one count of sexual battery in violation of R.C. 2907.03, a felony of the third degree. On February 28, 2005, a supplemental indictment was filed, charging appellant with two additional counts, to wit: one count of gross sexual imposition in violation of R.C.2907.05(A)(5), a felony of the fourth degree; and one count of sexual imposition in violation of R.C. 2907.06(A)(4), a misdemeanor of the first degree.
 {¶ 3} On February 22, 2005, the State filed a combined notice of intention to use other acts evidence pursuant to Evid.R. 404(B) and R.C. 2945.59, and a motion in limine to exclude evidence of the victim's sexual activity. Appellant filed a brief in opposition on March 7, 2005.
 {¶ 4} On March 21, 2005, the State moved to dismiss the count of sexual battery, and the matter proceeded to trial the same day on the remaining counts of gross sexual imposition and sexual imposition. Appellant moved for acquittal pursuant to Crim.R. 29 at the conclusion of both the State's case-in-chief and appellant's case-in-chief. The trial court denied the motions, and after deliberations the jury found appellant guilty on both counts.
 {¶ 5} The trial court adjudicated appellant a sexual predator and sentenced him to a term of 16 months in prison on the count of gross sexual imposition and 6 months on the count of sexual imposition, with such terms to be served concurrently. Appellant timely appeals his conviction and adjudication as a sexual predator, raising five assignments of error for review. This Court consolidates the second and third assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I
"DEFENDANT-APPELLANT WAS DENIED DUE PROCESS OF THE LAW AND HIS 6TH AMENDMENT RIGHT TO CONFRONT THE WITNESSES AGAINST HIM WHEN THE TRIAL COURT PREVENTED DEFENSE COUNSEL FROM CROSS EXAMINING THE VICTIM ON ISSUES RELEVANT TO THE VICTIM'S CREDIBILITY."
 {¶ 6} Appellant argues that the trial court abused its discretion when it precluded appellant from cross-examining the victim regarding an alleged false accusation of sexual abuse by another adult. This Court disagrees.
 {¶ 7} The decision to admit or exclude evidence lies in the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 180. This Court, therefore, reviews the trial court's decision regarding evidentiary matters under an abuse of discretion standard of review. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} Evid.R. 611(B) states that "[c]ross-examination shall be permitted on all relevant matters and matters affecting credibility." Evid.R. 608(B) provides, in relevant part:
"Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of a crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness[.]"
 {¶ 9} This Court has previously addressed a similar issue inState v. Miller (Mar. 15, 2000), 9th Dist. No. 19496. InMiller, defense counsel believed that the alleged rape victim had previously falsely accused her grandfather of rape. Defense counsel moved for an in camera hearing in furtherance of counsel's attempt to assail the victim's credibility at trial. This Court, relying on State v. Boggs (1992),63 Ohio St.3d 418, 423, stated that "[i]f it appears to the trial court that `sexual activity' has not taken place, e.g. prior, false allegations of rape, evidence surrounding those circumstances may be admissible." Miller, supra. However, this Court affirmed the trial court's denial for a motion for an in camera hearing, because the defendant had not met his obligation to first "persuade the trial court that the accusations were actually made, that no sexual activity had taken place and that the allegations of rape were false." Id.
 {¶ 10} In this case, appellant filed a brief in opposition to the State's motion in limine to preclude evidence of the victim's alleged prior sexual abuse by another adult. Appellant asserted that the victim's hospital records indicated that the victim had been seen two years earlier based on an allegation of sexual abuse by an adult male. Appellant surmised that evidence of the victim's prior allegation would be probative of the issue of the victim's credibility in this case "if for instance no charges were brought because it was determined the victim was not being truthful, or for any variety of reasons it was determined the charges were not credible[.]"
 {¶ 11} As was the case in Miller, appellant in this case "failed to offer the trial court any substantial reason to believe the prior allegations were false." Therefore, appellant failed to meet his own evidentiary obligation and has, therefore, failed to demonstrate any prejudice from the trial court's refusal to allow him to cross-examine the victim regarding any alleged prior false allegations of sexual abuse. Under these circumstances, this Court finds that the trial court did not abuse its discretion when it precluded appellant from cross-examining the victim in regard to any such prior allegations. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE COURT ERRED IN DENYING MR. JONES' CRIMINAL RULE 29(A) MOTION FOR AQUITTAL [sic] WHEN IT DECLARED `SLEEP' TO BE A `PHYSICAL CONDITION' FOR THE PURPOSES OF A VIOLATION OF OHIO REVISED CODE SECTION 2907.05(A)(5), AND THEREFORE, THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THIS CONVICTION."
 ASSIGNMENT OF ERROR III
"PU[R]SUANT TO ARTICLE IV § 3 (B) (3) OF THE OHIO CONSTITUTION, THE VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."
 {¶ 12} Appellant argues that his conviction for gross sexual imposition was not supported by sufficient evidence and was against the manifest weight of the evidence. Specifically, appellant argues that the evidence did not establish that the victim did not consent or was unable to resist the sexual contact with appellant. This Court disagrees.
 {¶ 13} Appellant was charged with one count of gross sexual imposition in violation of R.C. 2907.05(A)(5), which states:
"No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when * * * [t]he ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age."
 {¶ 14} A review of the sufficiency of the State's evidence and the manifest weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gulley
(Mar. 15, 2000), 9th Dist. No. 19600. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390
(Cook J., concurring). When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction.State v. Jenks (1991), 61 Ohio St.3d 259, 279.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 15} A determination of whether a conviction is against the manifest weight of the evidence, however, does not permit this Court to view the evidence in the light most favorable to the State to determine whether the State has met its burden of persuasion. State v. Love, 9th Dist. No. 21654, 2004-Ohio-1422, at ¶ 11. Rather,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 16} A new trial should be granted, however, only in the exceptional case, where the evidence weighs heavily against the conviction. Id.
 {¶ 17} This Court has stated that "[s]ufficiency is required to take a case to the jury [.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 18} Appellant contests only the finding that the victim was substantially impaired so that he could neither consent nor resist the sexual contact with appellant, and the finding that appellant knew the victim was so impaired.[1]
 {¶ 19} The victim, a 15-year old male weighing approximately 175 pounds, testified that he was at his aunt's house with some friends and relatives on December 11, 2004, when appellant appeared with a bottle of vodka and a bottle of VSOP (brandy). The victim admitted that he drank six to eight shots of the alcoholic beverages with appellant some time after 10:00 p.m. The victim testified that his aunt returned home around 1:00 a.m. and told everyone to leave. The victim was spending the night at that home and was not required to leave. Appellant failed to leave as requested.
 {¶ 20} The victim testified that he felt "loose" and was drunk after drinking the shots. He testified that he fell asleep on a love seat, while appellant remained on a nearby couch. The victim testified that he awoke a couple hours later on the couch, lying face down, with appellant on top of him. The victim testified that his pants and underwear were down around his knees. The victim testified that, after he awoke, appellant got off him and that the victim's pants were wet.
 {¶ 21} The victim was seen at Akron Children's Hospital after he reported the incident. The hospital conducted a drug screen on the victim, collecting a specimen for analysis at 8:43 a.m., almost six hours after the incident. That drug screen indicated the victim's blood alcohol level to be 43 mg/dL at the time of the collection. The records further indicated that blood alcohol levels of 50-100 mg/dL indicated impairment.
 {¶ 22} Appellant admitted in his statement to Detective Dalvin Horton of the Akron Police Department that he brought alcohol to the party and that he saw the victim drinking. Appellant stated that the victim did not help him pull down the victim's pants and underwear. He stated, however, that he believed the victim consented to having anal sex with him, because the victim rolled his eyes and "blinked" while they were on the couch together.
 {¶ 23} The Twelfth District Court of Appeals analyzed the issue of whether voluntary intoxication falls within the meaning of substantial impairment because of a "mental or physical condition" in regard to a charge of rape in violation of R.C.2907.02(A)(1)(c). State v. Martin (Aug. 14, 2000), 12th Dist. No. CA99-090-26. That provision mirrors the charge of gross sexual imposition in violation of R.C. 2907.05(A)(5) in this case, the only difference being that the trier of fact must find sexual conduct in regard to the rape charge and sexual contact in regard to the charge of gross sexual imposition. The Martin
court held that voluntary intoxication is included in the term "mental or physical condition" within the meaning of the statute.
 {¶ 24} The Eighth District Court of Appeals analyzed the issue of whether sleep constitutes a mental or physical condition as contemplated by R.C. 2907.02(A)(1)(c). State v. Younger, 8th Dist. No. 86235, 2006-Ohio-296. The Younger court stated that the defendant had failed to cite any relevant case law in which any court had determined that sleep is not a mental or physical condition. Younger at ¶ 28. Accordingly, that court found the defendant's convictions for rape and gross sexual imposition to be supported by the evidence. Id. In this case, appellant also failed to cite any relevant case law in support of the proposition that sleep is not a mental or physical condition within the meaning of R.C. 2907.05(A)(5).
 {¶ 25} Based on the evidence, this Court finds that a trier of fact could reasonably find that the victim's ability to resist or consent to sexual contact with appellant was substantially impaired by virtue of the victim's drinking six to eight shots of hard liquor and falling asleep. There was further evidence that appellant provided the alcohol and knew that the victim had been drinking prior to the incident and that the victim could do no more than roll his eyes as appellant removed the victim's pants and underwear. The victim's blood alcohol content nearly six hours after the incident indicated a result just below a level of impairment. Based on the evidence, this Court finds that the trier of fact did not lose its way and create a manifest miscarriage of justice when it found the victim's ability to resist or consent to sexual contact with appellant was substantially impaired because of a mental or physical condition and that appellant had reasonable cause to believe so, and then convicted appellant of gross sexual imposition in violation of R.C. 2907.05(A)(5).
 {¶ 26} This Court finds that this is not the exceptional case, where the evidence weighs heavily in favor of appellant. Having found that appellant's conviction is not against the manifest weight of the evidence, this Court further necessarily finds that there was sufficient evidence to support the trial court's verdict. Appellant's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV
"APPELLANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL[.]"
 {¶ 27} Appellant argues that trial counsel was ineffective because he failed to plead appellant to the count alleging sexual imposition, which penalty was enhanced by appellant's prior conviction for sexual battery in violation of R.C. 2907.03(A)(2). Because appellant did not contest having had sexual contact with the victim, who was over the age of thirteen but under the age of sixteen, appellant argues that trial counsel was ineffective when he allowed the jury to become aware of appellant's prior conviction. Appellant argues that trial counsel's actions prejudiced him, because no jury would be able to disregard appellant's prior conviction when it also considered the charge against appellant alleging gross sexual imposition. This Court disagrees.
 {¶ 28} This Court uses a two-step process as set forth inStrickland v. Washington (1984), 466 U.S. 668, 687, to determine whether a defendant's right to the effective assistance of counsel has been violated.
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 29} To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.
 {¶ 30} This Court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland,466 U.S. at 690. The defendant must first identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. This Court must then decide whether counsel's conduct fell outside the range of professional competence. Id. There is a strong presumption that licensed attorneys in Ohio are competent. State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 31} In this case defense counsel conceded the charge of sexual imposition. Appellant admitted during his interview with Detective Horton of the Akron Police Department that he pulled down the victim's pants and underwear and had sexual contact with the victim. Trial counsel further stipulated to the admission of appellant's prior conviction for sexual battery. Appellant argues that trial counsel was ineffective for allowing the jury to become aware of appellant's prior conviction for a sexually oriented offense.
 {¶ 32} Appellant alleges that trial counsel was ineffective for failing to plead appellant guilty to sexual imposition. This Court takes well the State's argument that the record is silent regarding whether trial counsel advised appellant to plead guilty to the charge of sexual imposition. Accordingly, any argument that trial counsel forced appellant to take the count of sexual imposition to trial is mere speculation. This Court has previously held that "[s]peculation is not enough to succeed on an ineffective assistance of counsel claim." State v.Stalnaker, 9th Dist. No. 21731, 2004-Ohio-1236, at ¶ 10.
 {¶ 33} More importantly, this Court finds that the admission of appellant's prior conviction for sexual battery did not prejudice appellant. The trial court instructed the jury:
"Evidence was received the defendant was previously convicted of sexual battery. That evidence was received because a prior conviction is an element of the offense charged. It was not received, and you may not consider it, to prove the character of the defendant in order to show that he acted in conformity with that character."
Accordingly, the trial court instructed the jury to disregard the evidence of appellant's prior conviction for sexual battery for any reason other than in regard to the penalty enhancement of the count of sexual imposition, if they first found appellant guilty of sexual imposition. "It is presumed that the jury will follow the court's instructions when they are told to disregard evidence." State v. Smith, 9th Dist. No. 22550, 2006-Ohio-158, at ¶ 11, citing State v. Gurley (May 9, 1990), 9th Dist. No. 14360 and Browning v. State (1929), 120 Ohio St. 62, 72. Because this Court presumes that the jury did not consider appellant's prior conviction for any purpose other than the limited purpose of enhancement of the sexual imposition charge, trial counsel's alleged failure to plead appellant to the charge of sexual imposition and prevent the admission of the prior conviction did not prejudice appellant's defense. Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
"THE CLASSIFICATION OF MR. JONES AS A SEXUAL PREDATOR MUST BE VACATED BECAUSE THE TRIAL COURT FAILED TO ARTICULATE A REASONABLE BASIS FOR THAT CLASSIFICATION AND THE CLASSIFICATION WAS OTHERWISE CONTRARY TO LAW."
 {¶ 34} Appellant argues that the trial court erred by classifying him as a sexual predator, because the trial court failed to articulate a reasonable basis for the classification. This Court disagrees.
 {¶ 35} This Court must affirm a determination that appellant is a sexual predator unless the trial court's decision was clearly erroneous. State v. Thomas, 9th Dist. No. 04CA0073,2005-Ohio-3307, at ¶ 7, citing State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. This Court will reverse a sexual predator classification only in the exceptional case, "where a judgment is so contrary to all reasonable inferences which could be drawn from the evidence that the result is a `complete violation of substantial justice[.]'" Thomas at ¶ 7, quotingRoyer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 20.
 {¶ 36} R.C. 2950.01(E)(1) defines a sexual predator as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making the determination whether a defendant is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, those enumerated in R.C. 2950.09(B)(3):
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to, * * * a criminal offense, whether the offender * * * completed any sentence * * * for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 37} Although the trial court must consider all these factors, not all factors need be established before a defendant may be classified as a sexual predator. State v. Smith (June 2, 1999), 9th Dist. No. 18622. In sexual predator classifications, this Court has repeatedly required "only proof, new or previously known, by clear and convincing evidence that a sexual offender is likely to commit another sexually oriented offense." See, Statev. McGee, 9th Dist. No. 04CA008600, at ¶ 10; see, also State v.Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203; State v. Trakas,
9th Dist. No. 01CA007871, 2002-Ohio-458.
 {¶ 38} In this case, the trial court judge stated that she had reviewed the recommendation and summary from Summit Psychological in reaching her conclusion that appellant was likely to commit another sexually oriented offense. The trial judge then noted that the victim in this case was a child, that alcohol was involved and that a number of other criteria applied. R.C. 2950.09(B)(3)(c) and (e). Accordingly, the trial court made express findings on the record. In addition, appellant admitted in his interview with Detective Horton that he was 33 years old at the time of the offense. R.C. 2950.09(B)(a). This Court finds these factors support the trial court's determination.
 {¶ 39} Moreover, appellant failed to cause the Summit Psychological summary and recommendation to be part of the record on appeal. "As the appellant, [Jones] had the responsibility of providing this Court with an adequate record to support his assignment of error." State v. Vonnjordsson (July 5, 2001), 9th Dist. No. 20368. Where the record is incomplete because of appellant's failure to meet his burden of providing the necessary record, this Court must presume regularity of the proceedings and affirm the decision of the trial court. Id, citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 199. Accordingly, because appellant failed to make the Summit Psychological summary and recommendation part of the record, this Court must presume that the evidence supported the trial court's classification of appellant as a sexual predator. Appellant's fifth assignment of error is overruled.
 III. {¶ 40} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J., Moore, J. concur.
[1] Appellant has not challenged his conviction for sexual imposition.