OPINION *Page 2 
{¶ 1} Defendant-appellant Ioan N. Harmath appeals from a judgment of the Seneca County Court of Common Pleas, which found him guilty of sexual battery and sentenced him to a two-year prison term. For the reasons that follow, we affirm his conviction and sentence.
 {¶ 2} On August 8, 2005, Harmath, a 21-year-old Romanian citizen, entered the United States to attend Tiffin University on an athletic scholarship. While at the university, Harmath met and befriended a female international student, the 21-year-old victim in this case. On occasion, the victim visited and socialized with Harmath and his roommates at their off-campus apartment.
 {¶ 3} On the evening of December 10, 2005, Harmath and the victim attended a house party where they consumed alcohol. At 12:00 a.m., Harmath left the party and went to a bar. When he left the bar, Harmath stopped at a second bar where he ran into the victim and her friend, April Hall. Between 2:30 a.m. and 3:00 a.m., Harmath, who did not possess a valid driver's license, drove the victim and Hall from the bar to Hall's apartment. Significantly, between 9:30 p.m. and 3:00 a.m., the victim had consumed approximately 13 vodka-based drinks.
 {¶ 4} Hall lived very close to Harmath, and when the three arrived at Hall's apartment, the victim decided to stay at Harmath's apartment. At that point, *Page 3 
Hall said goodnight to Harmath and the victim. Harmath had to help the victim, who was "drunk" and "very intoxicated," walk from Hall's car into his apartment.
 {¶ 5} Once inside, the victim vomited, changed into clothes Harmath gave to her, laid down in Harmath's bed, and vomited again. Harmath subsequently cleaned his bed sheets and carpet, and the victim laid down for a second time. After he spoke with his roommates in a common area, Harmath returned to his room and laid down next to the victim. Shortly thereafter, Harmath engaged in sexual intercourse with her. Accounts differ as to whether she consented.
 {¶ 6} On January 4, 2006, the Seneca County Grand Jury indicted Harmath for one count of rape in violation of R.C. 2907.02(A)(1)(c), a first-degree felony. Harmath pled not guilty, and the trial court scheduled the matter for a jury trial. Prior to trial, the prosecution indicated its intention to request jury instructions regarding sexual battery under R.C. 2907.03(A)(2), a lesser-included offense of rape and a third-degree felony.
 {¶ 7} The matter proceeded to a four-day jury trial. At trial, the prosecution requested the additional jury instructions, and the trial court correctly instructed the jury regarding the primary offense, rape, and the lesser-included offense, sexual battery. Ultimately, the jury found Harmath not guilty of rape but guilty of sexual battery. The trial court accepted the jury's verdicts and sentenced Harmath to a two-year prison term. *Page 4 
 {¶ 8} Harmath now appeals to this court and sets forth two assignments of error for our review.[1]
 ASSIGNMENT OF ERROR NO. I The trial court erred in not granting Appellant's motion for judgment of acquittal pursuant to Ohio Criminal Rule 29(A).
 {¶ 9} In his first assignment of error, Harmath argues voluntary intoxication is not a "mental or physical condition" under the specific division of Ohio's rape statute that applies in this case, R.C.2907.02(A)(1)(c). Harmath also argues that no rational trier of fact could have found the prosecution proved each material element of rape under that division beyond a reasonable doubt. Therefore, Harmath concludes the trial court erred when it denied his Crim.R. 29(A) motion for judgment of acquittal.
 {¶ 10} The division of the rape statute that applies in this case states, in pertinent part, as follows:
 No personal shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition * * * and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition * * *. *Page 5 
R.C. 2907.02(A)(1)(c). Only one phrase in the statute, "mental or physical condition," is at issue here. No one disputes that Harmath engaged in "sexual conduct" with the victim or that Harmath was not the victim's "spouse." R.C. 2907.01(A) and (L).
 {¶ 11} As a threshold matter, we must decide whether voluntary intoxication is a "mental or physical condition" under R.C.2907.02(A)(1)(c). Other Ohio appellate districts have squarely answered that question in the affirmative. Notably, Harmath did not present any authority to the contrary, nor have we found such authority, and this court has previously declined to decide the issue. See State v.Peters (Aug. 18, 2000), 3d Dist. No. 11-2000-05, at *3; State v.Parrish (Aug. 18, 2000), 3d Dist. No. 11-2000-06, at *3.
 {¶ 12} In State v. Martin (Aug. 14, 2000), 12th Dist. No. CA99-09-026, the Twelfth Appellate District held voluntary intoxication was a "mental or physical condition" under the plain meaning of R.C. 2907.02(A)(1)(c).
 [W]e hold that voluntary intoxication is included in the term "mental or physical condition" as used in R.C. 2907.02(A)(1)(c). A person who engages in the sexual conduct proscribed by R.C. 2907.02(A)(1) and (c) when the victim's ability to resist or consent is substantially impaired by reason of voluntary intoxication is culpable for rape. We do not hold that all persons who engage in sexual conduct with a voluntarily intoxicated person are culpable under R.C. 2907.02(A)(1)(c). A person's conduct becomes criminal under this section only when engaging in sexual conduct with an intoxicated victim when the individual knows or has reasonable cause to believe that the victim's ability *Page 6 to resist or consent is substantially impaired because of voluntary intoxication.
Martin at *5 (citations omitted). Significantly, the Eighth Appellate District adopted the Twelfth Appellate District's decision and holding in Martin. In re King, 8th Dist. Nos. 79830, 79755, 2002-Ohio-2313, at ¶¶ 17-24.
 {¶ 13} More recently, in State v. Jones, 9th Dist. No. 22701,2006-Ohio-2278, the Ninth Appellate District held voluntary intoxication was a "mental or physical condition" for purposes of Ohio's gross-sexual-imposition statute, R.C. 2907.05(A)(5).[2] Jones at 23-26. The specific subsection of that statute virtually mirrors the division of the statute at issue in Martin and in this case, R.C.2907.02(A)(1)(c), except that it involves "sexual contact" not "sexual conduct." R.C. 2907.01(A) and (B).
 {¶ 14} Given the Twelfth Appellate District's well-reasoned decision and holding in Martin, as well as the additional related authority, we hold voluntary intoxication is a "mental or physical condition" under R.C. 2907.02(A)(1)(c). We reject Harmath's argument to the contrary.
 {¶ 15} Because voluntary intoxication is a "mental or physical condition" under R.C. 2907.02(A)(1)(c), we must next decide whether the trial court erred *Page 7 
when it denied Harmath's Crim.R. 29(A) motion for judgment of acquittal. After reviewing the record, we conclude that it did not.
 {¶ 16} Crim.R. 29(A) provides, in pertinent part, as follows:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
Under Crim.R. 29(A), a trial court shall not grant a defendant's motion for acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether the prosecution proved each material element of the crime at issue beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.
 {¶ 17} The foregoing standard must be viewed in light of the sufficiency-of-the-evidence test. See State v. Carter (1995),72 Ohio St.3d 545, 553-54, 651 N.E.2d 965. As such, we must examine the testimony and evidence presented at trial in a light most favorable to the prosecution. See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus. We must then decide whether any rational trier of fact could have found the prosecution proved the essential elements of rape under R.C. 2907.02(A)(1)(c) beyond a reasonable doubt. Id. *Page 8 
 {¶ 18} In this case, ample evidence was presented at trial regarding the victim's condition, i.e., her intoxicated state, and how it related to her ability to resist and/or consent. The trial transcript reflects the victim consumed approximately 13 vodka-based drinks between 9:30 p.m. and 3:00 a.m., many of them rapidly during a "drinking game." The trial transcript also reflects: the victim fell out of the car when she arrived at April Hall's apartment; the victim fell a second time before she entered Harmath's apartment; Harmath had to help the victim walk from Hall's car into his apartment; and the victim vomited two times inside Harmath's apartment before she "passed out."
 {¶ 19} More importantly, the victim testified that she was "very intoxicated" on the night in question and that she did not remember anything between the time she laid down and the time she woke up. In fact, she did not even recall that one of Harmath's roommates physically moved her onto her side to prevent her from choking on her own vomit. According to the victim, she woke up with Harmath on top of her, with his shirt off and pants down, engaging in non-consensual intercourse with her. She also testified that it was actually a pain in her abdomen from a tampon, which she had inside of her and which Harmath apparently forced against her cervix, that caused her to wake up.
 {¶ 20} Harmath, among others, also testified at trial. In contrast to the victim, Harmath testified that he consumed two drinks throughout the entire *Page 9 
evening and that he was not intoxicated at any time. He admitted that he kissed the victim when he laid down next to her. But, he claimed that she responded favorably, both physically and verbally, to his advances. Consequently, he proceeded to have sexual intercourse with her.
 {¶ 21} Viewing the testimony and evidence presented at trial in a light most favorable to the prosecution, a rational trier of fact could have found: (1) the victim's intoxicated state substantially impaired her ability to resist and/or consent; and (2) Harmath knew, or at a minimum had reasonable cause to believe, the victim's intoxicated state substantially impaired her ability to resist and/or consent. Thus, a rational trier of fact could have found the prosecution proved the essential elements of rape under R.C. 2907.02(A)(1)(c) beyond a reasonable doubt. Accordingly, we must conclude that the trial court did not err when it denied Harmath's Crim.R. 29(A) motion for judgment of acquittal.
 {¶ 22} Harmath's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The sentence imposed against the Appellant is unconstitutional under the holding of the united states supreme court [sic] in Blakely v. Washington (2004), 124 S.Ct. 2531.
 {¶ 23} In his second assignment of error, Harmath argues the trial court violated the Ex Post Facto Clause in the United States Constitution, as well as Ohio's constitutional prohibition against retroactive laws, when it sentenced him. *Page 10 
This is so, Harmath argues, because the trial court imposed a two year, non-minimum prison term for sexual battery after the Ohio Supreme Court decided State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
 {¶ 24} For the reasons articulated in State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, Harmath's argument lacks merit. Harmath committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435, which foreshadowed a major change in criminal sentencing law. Plus, the basic range of sentences for third-degree felony offenses remained unchanged, so Harmath faced the same potential penalty for his unlawful conduct after Foster that he did beforeFoster. See McGhee at ¶¶ 16, 20; R.C. 2929.14(A)(3).
 {¶ 25} Harmath's second assignment of error is also overruled.
 {¶ 26} Having found no error prejudicial to Harmath in the particulars assigned and argued, we affirm his conviction and sentence.
Judgment affirmed.
ROGERS, P.J., and WILLAMOWSKI, J., concur.
[1] We initially expressed concern regarding the propriety of the verdict form in this case. As a result, we requested that the parties file supplemental briefs discussing that issue. Upon review, we note that the preferred practice is for the trial court to use more specific verdict forms. However, we decline to address the issue further.
[2] R.C. 2907.05(A)(5) provides in pertinent part: "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when * * * [t]he ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition * * * and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other persons or of one of the other persons is substantially impaired because of a mental or physicalcondition * * *." (Emphasis added.) *Page 1