[Cite as *State v. Mason*, 2015-Ohio-5508.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| STATE OF OHIO | : | JUDGES: | |
| | : | Hon. Sheila G. Farmer, P.J. | |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. | |
| | : | Hon. Patricia A. Delaney, J. | |
| -vs- | : | | |
| | : | | |
| CAMERON J. MASON | : | Case No. 15-CAA-02-0017 | |
| | : | | |
| Defendant-Appellant | : | O P I N I O N | |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 14-CR-I-10-0440B



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                December 28, 2015



APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ANDREW M. BIGLER                       JEFFREY P. UHRICH
140 North Sandusky Street              P.O. Box 1977
Third Floor                            Westerville, OH  43086
Delaware, OH  43015

*Farmer, J.*

{¶1}    On October 3, 2014, the Delaware County Grand Jury indicted appellant, Cameron Mason, on four counts of rape in violation of R.C. 2907.02(A)(1)(c) and (2). Said charges arose from an incident involving M.K. while the two of them were attending a graduation party.   An indictment was also filed against a co-defendant, D'Shawn Barnes, which was subsequently dismissed on January 12, 2015 (Case No. 14-CR-I-10-0440A).

{¶2}    A jury trial commenced on December 16, 2014.  The jury found appellant guilty of one of the rape counts, a violation of R.C. 2907.02(A)(1)(c).  By sentencing entry filed January 27, 2015, the trial court sentenced appellant to five years in prison.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.[1]  Assignment of error is as follows:

I

{¶4}    "THE CONVICTION OF RAPE AGAINST DEFENDANT IS NOT SUSTAINED BY THE EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶5}    Appellant claims his conviction for rape was against the sufficiency and manifest weight of the evidence as there was no independent evidence to establish a violation of R.C. 2907.02(A)(1)(c).  We disagree.

---

[1]On September 18, 2015, appellant filed in this court a pro se motion for leave to file a reply brief with the reply brief attached.  We hereby grant the motion and will consider the reply brief.

{¶6}    On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶7}    Appellant was convicted of rape in violation of R.C. 2907.02(A)(1)(c) which states:

(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but

is living separate and apart from the offender, when any of the following applies:

(c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age.

{¶8} As stated by this court in *In re R.G.,* 5th Dist. Licking No. 08-CA-121, 2009-Ohio-2646, ¶ 28:

The Ohio Supreme Court has held "substantial impairment must be established by demonstrating a present reduction, diminution or decrease in the victim's ability, either to appraise the nature of his conduct or to control his conduct." *State v. Zeh* (1987), 31 Ohio St.3d 99, 509 N.E.2d 414. "Substantial impairment" need not be proven by expert medical testimony; it may be proven by the testimony of persons who have had some interaction with the victim and by permitting the trier of fact to obtain its own assessment of the victim's ability to either appraise or control her conduct." *State v. Brady,* Cuyahoga App. No. 87854, 2007-Ohio-3333.

{¶9} Voluntary intoxication is a "mental or physical condition" that can constitute "substantial impairment" for purposes of R.C. 2907.02(A)(1)(c). *State v. Harmath,* 3rd Dist. Seneca No. 13-06-20, 2007-Ohio-2993.

{¶10} The incident in question occurred during a high school graduation party at the home of Morgan Eiland, a friend of the victim, M.K. T. at 152-153, 187. Appellant did not contest the fact that he had sex with M.K., but claimed it was consensual. Appellant argues there was no independent evidence that M.K. was asleep the entire time, no evidence of trauma to M.K., and no evidence that he knew she was intoxicated or had consumed alcohol.

{¶11} The facts and appellant's own admission establish he had vaginal intercourse with M.K. T. at 280-283, 300-302, 349-350, 354; State's Exhibit 1. Appellant explained he arrived at the party between 9:00 and 10:00 p.m. and had minimal contact with M.K. T. at 341-342, 355-356. Around midnight, appellant went upstairs to a bedroom to play video games with the co-defendant, and around 1:00 a.m., M.K. and others came into the bedroom and she lay down on the bed. T. at 345-346, 356-357. Appellant claimed M.K. was not asleep, but she was not "participating in the conversation." T. at 357. Around 2:30 a.m., everyone left the room and appellant lay down beside M.K. T. at 347. They talked, kissed, and engaged in sexual intercourse. T. at 347-350, 359. M.K. was not asleep or passed-out. T. at 349, 357. Appellant claimed he had not observed M.K. drinking and did not know she was intoxicated. T. at 342-343, 346, 354-355.

{¶12} M.K. admitted to drinking heavily from around 2:00 to 8:00 p.m., and had no memory of what happened after 8:00 p.m. until 3:00 a.m. T. at 191-193, 195, 211.

She remembers waking up at that time on a bed with "someone" engaging in vaginal intercourse with her. T. at 196-197, 199, 238. She got up, opened the door to leave, looked back, and observed two individuals, appellant and the co-defendant, in the bedroom. T. at 196-198. She immediately fled to the bathroom, called her mother, and called/texted Ms. Eiland who went to the bathroom to help M.K.. T. at 161, 171, 198-199, 235. M.K. went to the hospital and was examined by a sexual assault nurse examiner (hereinafter "SANE"). T. at 200. At no time did M.K. give appellant permission to engage in sexual intercourse with her. T. at 205-206.

{¶13} Ms. Eiland and the SANE nurse, Leighann Clifford, described M.K. as disheveled, very upset, very tearful, trembling, hysterical, crying, and "barely could speak." T. at 161, 183, 263.

{¶14} A partygoer, Jante Wright, testified he arrived at the party around 9:00 p.m. and M.K. was "pretty drunk." T. at 131-133, 142. Her breath smelled of alcohol and she was acting drunk. T. at 132. Later in the evening, M.K. told Mr. Wright she "needed to throw up," so he helped her to an upstairs bathroom and then to an empty bedroom where M.K. passed out/fell asleep on the bed. T. at 134-136, 150.

{¶15} Ms. Eiland testified at one point she walked by the bedroom and observed M.K. asleep on the bed and appellant and the co-defendant in the room playing video games. T. at 158-160. Later, Ms. Eiland observed M.K. still asleep in the "same exact place." T. at 161.

{¶16} As stated above, the trier of fact is in the best position to judge the credibility of the witnesses.

{¶17} Upon review, we find the corroborating evidence that M.K. was intoxicated, passed out/asleep, and nonresponsive to be sufficient to prove the rape was not consensual and appellant was aware of M.K.'s disability due to intoxication. We do not find any manifest miscarriage of justice.

{¶18} The sole assignment of error is denied.

{¶19} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, .J and

Delaney, J. concur.

SGF/sg 121