JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Chester Braddy ("appellant"), appeals his conviction of multiple counts of rape and gross sexual imposition, and one count of endangering children. For the following reasons, we affirm appellant's conviction.
 {¶ 2} Appellant contends, in his first assignment of error, that the trial court erred when it denied his motion for judgment of acquittal as to counts one through three of the indictment. Specifically, appellant argues that the state failed to prove that the victim was under the age of 13 at the time the offenses occurred and that there was insufficient proof that penetration occurred. However, upon review of the record, appellant's argument is without merit.
 {¶ 3} Crim.R. 29 provides as follows:
 {¶ 4} "(A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 5} In reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Griffin,
Cuyahoga App. No. 82979, 2004-Ohio-2155, ¶ 17. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. Sufficiency is a test of adequacy. State v. Thompkins, 78 Ohio St.3d 380,386-387, 1997-Ohio-52, 678 N.E.2d 541.
 {¶ 6} Counts one through three of the indictment alleged that appellant committed rape, in violation of R.C. 2907.02, when he engaged in sexual conduct with the victim, under the age of 13, by purposely compelling her to submit by use of force or threat of force. Appellant first argues that because the victim was unable to testify as to her exact age when the alleged acts occurred, there was insufficient evidence to convince the trier of fact that appellant was guilty beyond a reasonable doubt. The evidence presented at trial, however, was more than sufficient.
 {¶ 7} The victim testified that appellant began touching her vagina, buttocks, and chest in 1997, when the victim was 11 years old. She specifically recalled the year because it was the same year that she and her sisters returned from their aunt's house to live with their mom. The victim testified that the touching escalated to appellant putting his fingers inside her vagina at least three to four times per week. Although the victim could not recall her exact age when appellant began putting his fingers into her vagina, she testified that it occurred before her 13th birthday. The reason she recalled that it happened prior to turning 13 was because appellant began putting his penis into her vagina around or near her 13th birthday. In addition, the victim testified that she was 13 when her mother caught appellant coming from the victim's bedroom with his underwear in his hands after appellant put his penis into the victim's vagina. While the victim was unable to pinpoint her exact age, the victim's testimony that it occurred sometime after she was 11 but before she turned 13 was more than sufficient to allow a reasonable trier of fact to conclude that appellant was guilty of rape of a child under the age of 13 beyond a reasonable doubt. Viewing the evidence in the light most favorable to the state, the evidence was sufficient to convince reasonable minds that the victim was under the age of 13 when appellant began raping her.
 {¶ 8} Appellant also argues that the evidence was insufficient to prove that he engaged in sexual conduct with the victim before she turned 13. However, sexual conduct, as defined in R.C. 2907.01(A), includes "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another." Here, as the victim testified, appellant inserted his fingers into the victim's vagina three to four times per week before her 13th birthday. By inserting his fingers into the victim's vagina, appellant engaged in unlawful "sexual conduct" with the victim. Viewing the evidence in the light most favorable to the state, the evidence was more than sufficient to convince reasonable minds that appellant unlawfully engaged in sexual conduct with the victim, who was under 13 years of age. As a result, the trial court did not err in denying appellant's motion for judgment of acquittal and appellant's first assignment of error is overruled.
 {¶ 9} For his second assignment of error, appellant contends that his conviction as to counts one through three of the indictment is against the manifest weight of the evidence.[1] In particular, appellant argues that there was no physical evidence to prove that he engaged in sexual conduct with the victim by force or threat of force. However, upon review of the record, appellant's argument fails.
 {¶ 10} When an appellant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, 78 Ohio St.3d at 387.
 {¶ 11} Here, the victim was repeatedly raped by appellant, which was her mother's live-in boyfriend. The victim testified that she was afraid of appellant and that appellant told her that if she told her mom what he was doing that she would be in trouble. The victim further testified that she had been "in trouble" with her mom before, where her mom threw glass plates, curtain rods, and baby bottles at her when she was upset. This fear of being punished if commands are not obeyed satisfies the elements of forcible rape. State v. Eskridge (1988),38 Ohio St.3d 56, 59, 526 N.E.2d 304 (holding that where a child is told to do something by an important figure of authority, and commanded not to tell anyone about it, the child's will was overcome and the forcible element of rape is properly established.) Based upon the evidence before this court, it cannot be said that the jury clearly lost its way in finding appellant guilty of engaging in unlawful sexual conduct with the victim, who was under 13 years of age, by compelling her to submit by force or threat of force. Thus, appellant's second assignment of error is overruled.
 {¶ 12} For his third and fourth assignments of error, appellant contends that the trial court committed plain error when it issued its instructions to the jury. In particular, appellant argues that the trial court erred in instructing the jury that it is not necessary for the state to prove that the offenses were committed on the exact day as charged in the indictment and that the jury could convict appellant on counts one through three of the indictment if it found beyond a reasonable doubt that on or about February 2, 1998 through November 18, 1999 appellant engaged in sexual conduct with the victim. Appellant's arguments, however, are without merit.
 {¶ 13} Failure to object at trial to a jury instruction waives all but plain error. State v. Williams,99 Ohio St.3d 439, 2003-Ohio-4164, ¶ 95,793 N.E.2d 446. Under the plain-error doctrine, reversible error occurs only if "but for the error, the outcome of the trial clearly would have been otherwise." Id. at ¶ 40, quoting State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph two of the syllabus. Because neither part of appellant's arguments would have changed the outcome of trial, there is no plain error.
 {¶ 14} Here, the trial court's instruction to the jury that it was not necessary for the state to prove that the offenses occurred on the exact day as charged in the indictment was proper. Under R.C. 2941.03, "an indictment or information is sufficient if it can be understood therefrom: * * * (E) That the offense was committed at some time prior to the time of finding of the indictment * * *." "An indictment or information is not made invalid, and the trial, judgment, or other proceedings stayed, arrested, or affected: * * * (C) For stating the time imperfectly." R.C. 2941.08. Specificity as to the date and time of the offense is not required. State v. Collier (July 27, 2000), Cuyahoga App. No. 76433. Contrary to appellant's argument, the trial court's instruction to the jury that it was sufficient for the state to prove that the offenses took place on a date reasonably near the date on the indictment did not open the door to "guesswork of the jury." The victim testified that appellant began putting his fingers into her vagina before she turned 13 and testified that appellant put his penis into her vagina numerous times after her 13th birthday. Because appellant cannot demonstrate that the outcome of this case would have been different had the trial court instructed the jury otherwise, this court finds no plain error.
 {¶ 15} In addition, there is no plain error where the trial court instructed the jury that it could convict appellant of rape for engaging in sexual conduct with the victim from February 2, 1998 through November 18, 1999. Appellant asserts that if the jury found appellant guilty of rape on November 18, 1999, which was the victim's 13th birthday, then the victim was not under the age of 13 at the time of the offense and his possible sentence would be different. However, there is nothing in the record before us that suggests that the jury found appellant guilty of raping the victim on her 13th birthday, November 18, 1999. Indeed, because the victim testified that appellant put his fingers into her vagina three or four times per week before she turned 13, it is entirely possible (and most likely probable) that the jury found appellant guilty of raping the victim on numerous occasions prior to her 13th birthday. Because appellant cannot demonstrate how the trial court's instruction to the jury would have changed the outcome of this case, we find no plain error. Thus, appellant's third and fourth assignments of error are overruled.
 {¶ 16} For his fifth assignment of error, appellant contends that he was denied his due process of law and the trial court abused its discretion when it denied his request for a continuance to secure the appearance of two witnesses. Appellant's contention is without merit.
 {¶ 17} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge."State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078, syllabus. "In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Id. at 68 [citations omitted].
 {¶ 18} Here, after the state had rested its case in chief and the defense had called its first three witnesses, appellant moved for a continuance to secure the appearance of witnesses, James and Vicky Webb. The trial court conducted an inquiry into the whereabouts of the witnesses and the measures taken by appellant to secure their appearance. Appellant explained to the trial court that he received a phone call that morning that James Webb suffered a heart attack and was admitted to the hospital. Appellant also assured the trial court that Vicky Webb was willing to leave her husband's side to appear and testify, but that appellant was unable to locate her by phone.
 {¶ 19} The trial court asked appellant to confirm the location of the witnesses, which appellant was unable to do. The hospital confirmed that while James Webb had been treated for a heart attack, he was released from the hospital. Appellant, however, was unable to contact James or Vicky Webb by telephone and was unable to inform the trial court of their address or even provide a general vicinity of where they lived. Further, appellant stated that he had subpoenaed the witnesses, but that he was informed that they were served that day — the very day they were subpoenaed to appear to testify at trial. The trial court then denied appellant's motion for continuance.
 {¶ 20} It cannot be said that the trial court abused its discretion when it denied appellant's motion for a continuance to secure the appearance of James and Vicky Webb. Although the court entertained the possibility of granting a continuance, appellant failed to demonstrate that it would locate these two witnesses even if given a continuance. See State v. Binford, Cuyahoga App. No. 81723, 2003-Ohio-3021, ¶ 37. As a result, the trial court denied the motion on the basis that there was no indication that any additional time would produce the desired witnesses. Thus, appellant's fifth assignment of error is overruled.
 {¶ 21} For his sixth and final assignment of error, appellant contends that the trial court erred in denying his motion for judgment of acquittal as to count 49 of the indictment. Specifically, appellant argues that there was insufficient evidence that he abused A.H., a child under the age of 18. However, based on the record before us, appellant's argument is without merit.
 {¶ 22} Here, the victim testified that she witnessed appellant push her brother, A.H., down the stairs and that his head was red and swollen. The victim's younger sister testified that A.H. was injured after appellant pushed him down the stairs and A.H.'s head caused a hole in the wall at the bottom of the stairs. In addition, the neighbor heard someone fall down the stairs and immediately after hearing that, saw A.H. run out of the house screaming and holding his head. This testimony was more than sufficient to allow a rational trier of fact to conclude that appellant "[a]dminister[ed] corporal punishment or other physical disciplinary measure" which "punishment, [or] discipline" was "excessive under the circumstances and create[d] a substantial risk of serious physical harm to the child." R.C.2919.22. As a result, the trial court did not err in denying appellant's motion for judgment of acquittal as to count 49 of the indictment, endangering children. Thus, appellant's sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., and Calabrese, Jr., J., concur.
[1] It is interesting to note that appellant does not raise any issue with his conviction of numerous counts of rape (engaging in unlawful sexual conduct with the victim who was not under the age of 13) and gross sexual imposition. Perhaps it is the overwhelming physical evidence against him, such as appellant's semen found near the victim's cervix after he raped her on her way to school, that dissuades appellant from appealing his conviction as to those counts.