JOURNAL ENTRY AND OPINION
{¶ 1} On October 18, 2004, Chester Braddy filed a delayed application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Braddy,
Cuyahoga App. No. 83462, 2004-Ohio-3128. In that opinion, we affirmed Braddy's convictions for multiple counts of rape and gross sexual imposition. On December 16, 2004, the State of Ohio, through the Cuyahoga County Prosecutor's Office, filed a memorandum in opposition to defendant's delayed application to reopen pursuant to App. R. 26(B). For the following reasons, we decline to reopen Braddy's appeal:
 {¶ 2} As mandated by App. R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization. State v. Cooey, 73 Ohio St.3d 411,1995-Ohio-328, 653 N.E.2d 252; State v. Reddick, 72 Ohio St.3d 88,1995-Ohio-249, 647 N.E.2d 784.
 {¶ 3} Here, Braddy is attempting to reopen the appellate judgment that was journalized on June 28, 2004. He did not file his application for reopening until October 18, 2004. Thus the application is untimely on its face. In an attempt to demonstrate good cause, Braddy states that he did not have adequate funds to mail his application in a timely manner. Braddy states that he attempted to have the funds withdrawn from his October state pay but that request was denied. He was eventually able to mail the application upon receiving money from family members. However, we find that Braddy's failure to anticipate the cost of postage necessary to timely file his application to reopen does not constitute good cause.
 {¶ 4} The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 5} Herein, Braddy possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. Braddy, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6.
 {¶ 6} Notwithstanding the above, Braddy fails to establish that his appellate counsel was ineffective. In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes,
supra.
 {¶ 7} Thus, in order for the Court to grant the application for reopening, Braddy must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App. R. 26(B)(5). "In State v. Reed, 74 Ohio St.3d 534,1996-Ohio-21, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App. R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey,84 Ohio St.3d 24, 25, 1998-Ohio-704, 701 N.E.2d 696.
 {¶ 8} To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Braddy fails to establish any such deficiency.
 {¶ 9} Nevertheless, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel on appeal. In his application, Braddy proposed four assignments of error: 1) Counsel was ineffective for failing to raise material issues by failing to call certain witnesses; 2) Trial Counsel failed to adequately impeach Appellant's accuser; 3) Trial Counsel raised his own ineffectiveness during defense's closing arguments with regards to the failure of interviewing potential witnesses and neighbors; and 4) The trial court abused its discretion by forcing counsel to continue their representation despite a conflict.
 {¶ 10} In regards to Braddy's first, second and third assignments of error, the Supreme Court of Ohio has previously held that debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189. Deciding whether to call a witness or how to conduct cross-examination is a matter of trial tactics and strategy which this court will not second-guess. Strickland, 104 S.Ct. at 2065. Additionally, we find that Braddy failed to demonstrate how the result of his trial would have been different if these additional witnesses testified, or if counsel did a better job of conducting cross-examination.
 {¶ 11} We also reject Braddy's fourth assignment of error. The grant or denial of a defendant's request for new court-appointed counsel rests within the sound discretion of the trial court. State v. Coleman (1988),37 Ohio St.3d 286, 292, 525 N.E.2d 792. Furthermore, while a criminal defendant has the right to courtappointed counsel, a defendant is not entitled to his or her choice of appointed counsel. Thurston v. Maxwell
(1965), 3 Ohio St.2d 92, 209 N.E.2d 204.
 {¶ 12} This court will not reverse a trial court's decision to deny a defendant's request for new court-appointed counsel unless we find that the trial court abused its discretion. In this matter, we do not find that the trial court abused its discretion. Considering that counsel attempted to make contact with the purported witnesses but were unable to because Braddy was unable to provide addresses, and because this motion was made after jeopardy attached, we do not find that the trial court abused its discretion by denying the motion.
 {¶ 13} Accordingly, Braddy's application to reopen is denied.
Cooney, J., concurs.
 Gallagher, J., concurs.