JOURNAL ENTRY AND OPINION
{¶ 1} On August 24, 2005, a Cuyahoga County Grand Jury indicted defendant-appellant Dennis Graves ("Graves") with the following three counts: one count of rape by force or threat of force, in violation of R.C. 2907.02(A)(2); one count of rape by administering a drug or intoxicant to the victim, in violation of R.C. 2907.02(A) (1)(a); and one count of rape while the victim was substantially impaired by reason of mental or physical condition, in violation of R.C. 2907.02(A)(1)(c). *Page 3 
 {¶ 2} On July 20, 2006, the case proceeded to a jury trial. On July 24, 2006, the jury found Graves guilty of rape by force or threat of force and also of rape while the victim was substantially impaired by reason of mental or physical condition. The jury found Graves not guilty of rape by administering a drug or intoxicant.
 {¶ 3} On September 1, 2006, the trial court sentenced Graves to nine years of imprisonment for each of the two rape counts, sentences to merge. Also, on September 1, 2006, the trial court conducted a House Bill 180 hearing and adjudicated Graves a sexual predator and a habitual sexual offender.
 {¶ 4} The events giving rise to the case sub judice occurred on October 2, 2004, at approximately 2:00 a.m. The victim, M.S., age twenty-eight, a home health aide, entered the home of Antoinette Antwon ("Antwon") and her son, Graves, age sixty, located at 2580 East 66th Street, Cleveland, Ohio, which is part of the Cuyahoga Metropolitan Housing Authority. M.S.'s employer assigned her to care for Antwon on the night of October 1, 2004; she arrived at approximately 7:45 p.m. for her twelve-hour shift beginning at 8:00 p.m. M.S.'s duties included feeding Antwon, taking her to the restroom, administering medications when necessary, some cleaning of the home, and general care giving. M.S. helped Antwon to bed at approximately 9:00 p.m.
 {¶ 5} Sometime between 9:00 and 11:00 p.m., Graves' two friends arrived and went with Graves into his bedroom and shut the door. Graves' two friends, *Page 4 
separately, entered the living room and conversed with M.S. M.S. communicated to both men that she was not interested in either of them. Thereafter, the three men left for the evening.
 {¶ 6} When Graves returned several hours later and without friends, M.S. was doing homework on her laptop, in a wooden chair in the living room. M.S. asked Graves if he had any ibuprofen medication for her to take because she had a tooth pulled and was experiencing pain. He returned and gave her either one or two pills, which she ingested.
 {¶ 7} M.S. fell asleep. When she awoke, she noticed her pants were down to her knees and that her thighs, shirt, and the seat cover had a wet substance on them. She stood up, put her pants back on and approached Graves in the bathroom to find out what happened. Graves was naked and cleaning his "lower half" with a washcloth. He indicated that he didn't know what happened but that his friends had been over and were now gone.
 {¶ 8} M.S. left and went to a nearby unit around 2:00 a.m., where her best friend, J.G. resided. She banged loudly on the door and J.G. answered. M.S. appeared distraught and entered the apartment. M.S. called her employer to notify them of what transpired and also called for an ambulance and police.
 {¶ 9} M.S. was transported to University Hospital were a rape kit was collected. Test results determined that the semen collected from her vagina *Page 5 
matched Graves' DNA. M.S. later submitted a report to police and also identified Graves in a photo lineup.
 {¶ 10} Graves appeals, raising three assignments of error.
 {¶ 11} ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court erred in denying Appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction."
 {¶ 12} Graves argues that the trial court erred in denying his motion for acquittal because the State failed to present sufficient evidence that Graves committed three counts of rape as charged. We disagree.
 {¶ 13} Crim.R. 29(A), which governs motions for acquittal, states:
 "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 14} Furthermore, in reviewing the sufficiency of the evidence, this court held:
 "A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. In reviewing for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The motion `should be granted only where reasonable *Page 6 minds could not fail to find reasonable doubt.'" State v. McDuffie, Cuyahoga App. No. 88662, 2007-Ohio-3421. (Internal citations omitted.)
 {¶ 15} R.C. 2907.02(A)(2) delineates the crime of rape as charged in the first count of the indictment: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 16} Pursuant to R.C. 2907.01(A) sexual conduct is defined as "vaginal intercourse between a male and female * * *; and, without privilege to do so, the insertion, however slight, of any part of the body * * * into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal * * * intercourse." Here, DNA evidence reveals that Graves engaged in sexual conduct with M.S.
 {¶ 17} Pursuant to R.C. 2901.01, force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." "The force and violence necessary to commit the crime of rape depends on the age, size and strength of the parties and their relation to each other." State v. Eskridge (1988),38 Ohio St.3d 56, paragraph one of the syllabus. We have held that separating the victim's legs and pulling down the victim's clothing while the victim sleeps can only be accomplished through force. State v.Simpson, Cuyahoga App. No. 88301, 2007-Ohio-4301; see, also, State v.Sullivan (1993), Cuyahoga App. No. 63818, 1993 Ohio App. LEXIS 4859. Here, Graves *Page 7 
pulled down M.S.'s pants and separated her legs while she was asleep, thus, using force.
 {¶ 18} Therefore, in viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find the essential elements of rape pursuant to R.C. 2907.02(A)(2) beyond a reasonable doubt.
 {¶ 19} Next, R.C. 2907.02(A)(1)(a) delineates the crime of rape as charged in count two of the indictment:
 "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when * * * [f]or the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception."
 {¶ 20} In applying the law to the facts of this case, we already found the element of "sexual conduct" for purposes of our sufficiency analysis to be satisfied above. Additionally, Graves and M.S. are not married. Graves gave M.S. either one or two pills to ingest for pain she was experiencing from an earlier tooth extraction. M.S. understood the medication to be Motrin, however, she fell into a deep sleep shortly thereafter. Therefore, in viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could find the essential elements of rape as set forth in R.C. 2907.02(A)(1)(a). *Page 8 
 {¶ 21} R.C 2907.02(A)(1)(c) sets forth the crime of rape as charged in count three of the indictment:
 "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when * * * [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age."
 {¶ 22} In applying the law to the facts of the case, we already found the elements of "sexual conduct" and determined that Graves and M.S. are not married. We have held that sleep is a mental or physical condition that substantially impairs a person from resisting or consenting to sexual conduct. State v. Younger, Cuyahoga App. No. 86235,2006-Ohio-296; Sullivan, supra. Here, M.S.'s ability to resist or consent was substantially impaired because she was sleeping. Therefore, in viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could find the essential elements of rape as set forth in R.C. 2907.02(A)(1)(c).
 {¶ 23} Graves' first assignment of error is overruled.
 {¶ 24} ASSIGNMENT OF ERROR NUMBER TWO
 "Appellant's conviction is against the manifest weight of the evidence."
 {¶ 25} Graves argues that his verdict is against the manifest weight of the evidence. We disagree.
 {¶ 26} According to the Ohio Supreme Court: *Page 9 
 {¶ 27} "The court, reviewing the entire record, weighs the evidenceand all reasonable inferences, considers the credibility of witnessesand determines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered. Thediscretionary power to grant a new trial should be exercised only in theexceptional case in which the evidence weighs heavily against theconviction." State v. Thompkins (1997), 78 Ohio St.3d 380, quotingState v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 28} First, Graves argues that there is a lack of evidence of force. As already noted, Graves pulled down M.S.'s pants and said act satisfies the element of force. See Simpson, supra. Therefore, the jury did not clearly lose its way and create a manifest miscarriage of justice that a new trial is warranted.
 {¶ 29} Second, Graves argues that there is a lack of evidence that he "poisoned" M.S. However, a review of the record reveals that the jury found Graves not guilty of rape pursuant to R.C. 2907.02(A)(1)(a) in which, "[f]or the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug, intoxicant, or controlled substance * * *." Therefore, Grave's argument as to poisoning the victim is moot.
 {¶ 30} Grave's second assignment of error is overruled.
 {¶ 31} ASSIGNMENT OF ERROR NUMBER THREE
 "The trial court erred when it classified Appellant as a sexual predator and a habitual sexual offender."
 {¶ 32} Graves argues that the trial court erred in classifying him as both a sexual predator and a habitual sexual offender. We disagree. *Page 10 
 {¶ 33} This court has held the standard of review of sexual predator designation as follows:
 "[T]his court's role is to determine whether the weight of the evidence supports the trial court's decision. Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. Moreover, this court must be mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact." State v. Cook, Cuyahoga App. No. 87265, 2007-Ohio-625. (Internal citations omitted.)
 {¶ 34} "In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof." State v. Travis, Cuyahoga App. No. 85958,2005-Ohio-6019.
 {¶ 35} R.C. 2950.09(B)(3) delineates the factors the trial court is to consider in determining whether or not a criminal defendant is a sexual predator:
 "(a) The offender's or delinquent child's age;
 (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 (d) Whether the sexually oriented offenses for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; *Page 11 
 (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender or delinquent child;
 (h) The nature of the offender's or delinquent child's sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 36} However, not all factors need to be satisfied in order to designate a criminal defendant as a sexual predator. This court recently held:
 "A trial court is not required to find a specific number of factors under R.C. 2950.09(B)(3) before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence. Furthermore, the court need not elaborate on its reasons for finding certain factors so long as the record includes the particular evidence upon which the trial court relied in making its adjudication." State v. Machado, Cuyahoga App. No. 87609, 2006-Ohio-6423. (Internal citations omitted.)
 {¶ 37} Applying R.C.2950.09(B)(3) to the facts of this case, we find there exists clear and convincing evidence that Graves is a sexual predator. *Page 12 
 {¶ 38} The trial court noted that Graves was convicted of three counts of gross sexual imposition in 1989 against his ten-year-old step-daughter. Additionally, Graves also suffers from anti-personality disorder.
 {¶ 39} The trial court considered the Presentence Investigation Report and the Sexual Oriented Offender Classification Report from the Psychiatric Clinic, including Graves' Static-99 Report. The reports revealed that Graves has a medium to high ranking on the ABEL test and has a significant sexual interest in adolescents and adult females. Thus, in applying the law to the facts of this case, we find there exists clear and convincing evidence warranting Graves' classification as a sexual predator.
 {¶ 40} R.C. 2950.01(B) defines "habitual sexual offender" as follows:
 "Habitual sex offender" means * * * a person to whom both of the following apply:
 (1) The person is convicted of or pleads guilty to a sexually oriented offense that is not a registration-exempt sexually oriented offense * * *.
 (2) One of the following applies to the person:
 (a) Regarding a person who is an offender, the person previously was convicted of or pleaded guilty to one or more sexually oriented offenses
 {¶ 41} In the instant case, Graves is convicted of sexually oriented offenses that are not registration-exempt sexually oriented offenses, namely, two counts of rape. See R.C. 2950.01(D); 2950.01(Q). Additionally, Graves was previously convicted of three counts of gross sexual imposition in 1989, also sexually oriented *Page 13 
offenses that are not registration exempt. See R.C. 2950.01(D); R.C.2950.01(Q). Therefore, the trial court did not err in classifying Graves as a habitual sexual offender.
 {¶ 42} Graves' third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and ANN DYKE, J., CONCUR. *Page 1