[Cite as *State v. Brooks*, 2012-Ohio-915.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 94978

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN BROOKS

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-509212
Application for Reopening
Motion Nos. 446035, 446222 and 446223

**RELEASE DATE:** March 7, 2012

**FOR APPELLANT**

John S. Brooks, pro se
Inmate No. 582-900
Marion Correctional Inst.
P. O. Box 57
Marion, OH 43301

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KENNETH A. ROCCO, J.:

{¶1} In *State v. Brooks*, Cuyahoga County Court of Common Pleas Case No. CR-509212, applicant was convicted of drug trafficking and possession as well as weapons charges and possession of criminal tools. This court affirmed that judgment in *State v. Brooks*, 8th Dist. No. 94978, 2011-Ohio-1679. The Supreme Court of Ohio denied Brooks's pro se motion for delayed appeal and dismissed the appeal. *State v. Brooks*, 129 Ohio St.3d 1447, 2011-Ohio-4217, 951 N.E.2d 1044.

{¶2} Brooks has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error the ineffectiveness of trial counsel because trial counsel did not challenge the propriety of the search and did not object to the admission of certain exhibits. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within 90 days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

{¶4} This court's decision affirming applicant's conviction was journalized on April 7, 2011. The application was filed on July 11, 2011, in excess of the 90-day limit.[1]

{¶5} Brooks also filed on July 11, 2011 a "judicial notice" in which he states that he has a "mental health issue which makes it very hard for me to work on these motion's [sic], I'm asking for help from other inmate's [sic] so that I can prove my innocence, while being timely in filing." Judicial Notice, at 1. He also states that he has had a "problem with this institution telling me that I don't have enough monies to send these motion's [sic] until I receive state pay * * * ." *Id.* Additionally, he has attached "Mental Health assessment's [sic] from the Department of Corrections and Affidavit of Indigence from Marion Correctional Facility." *Id.* He requests that this court "not hold it against me for being late." *Id.*

---

[1]

| Days | Month |
|------|-------|
| 23 | April |
| 31 | May |
| 30 | June |
| 11 | July |
| 95 | TOTAL |

Wednesday, July 6, 2011, was the ninetieth day.

{¶6} Brooks supports his claim of mental illness with unauthenticated records reflecting that Brooks has been diagnosed with non-serious mental illness with respect to which no specialized mental health services are required. Also, he was determined to be "stable on [psychiatric] meds" on May 17, 2011, more than seven weeks before his application for reopening was due.

{¶7} We also note that on June 7, 2011, Brooks filed pro se both a notice of appeal and motion for delayed appeal in the Supreme Court of Ohio, Case No. 2001-0955. See 129 Ohio St.3d 1447, *supra*.

{¶8} The parties have not provided nor has this court has been able to identify any controlling authority which articulates a standard for reviewing Brooks's claim that his mental illness establishes good cause. Brooks's claim of good cause requires us to consider whether unauthenticated records merely demonstrating the presence of a mental illness are a sufficient basis to establish good cause for the untimely filing of an application for reopening.

{¶9} In *State v. Morris*, 10th Dist. No. 05AP-1032, 2007-Ohio-2382, reopening disallowed, 2010-Ohio-786, the applicant asserted that he could

> establish good cause for his untimely filing, due to his alleged diagnosis and classification by the Ohio Department of Rehabilitation and Corrections as "seriously mentally ill" under a "C1" standard. However, the documents submitted by defendant fail to explain whether he is classified as a "C1 categorical" or a "C1 functional."

Defendant unsuccessfully advanced this same argument in his petition for habeas relief in federal district court, whereby he claimed he had established cause for failing to exhaust state court remedies. See *Morris v. Kerns* (Sept. 2, 2009), S.D.Ohio No. 2:08--1176. We too reject the argument that his alleged classification as "seriously mentally ill" under a "C1" standard establishes good cause for his untimely filing. There is nothing in the record to support his claim that his mental health issues prevented him from filing a timely application to reopen. See also *State v. Haliym* (Aug. 27, 2001), 8th Dist. No. 54771 (court rejected the defendant's claim of mental impairment arising from a gunshot wound to the head as sufficient to establish good cause for waiting more than ten years to file his application). *Id.* at ¶ 9-10.

{¶10} Likewise, in this case, Brooks has not demonstrated that his mental illness prevented him from timely filing the application. Indeed, in *Morris*, the applicant was categorized as "C1," serious mental illness. Brooks is categorized as "C2," non-serious mental illness, a lesser mental impairment  We hold, therefore, that Brooks's claim of mental illness does not establish good cause for the untimely filing of his application.

{¶11} Additionally, his lack of funds to mail his application does not establish good cause for the untimely filing of an application for reopening. *See, e.g., State v. Graves*, 8th Dist. No. 88845, 2007-Ohio-5430, reopening disallowed, 2010-Ohio-4881 (indigence does not establish good cause for the untimely filing of an application for reopening); *see also State v. Braddy*, 8th Dist. No. 83462, 2004-Ohio-3128, reopening disallowed, 2005-Ohio-282 (lack of adequate funds to mail an application for reopening does not establish good cause for untimely filing).

{**¶12**} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). *e.g.*, *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, and *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Brooks's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. *See, e.g.,State v. Almashni*, 8th Dist. No. 92237, 2010-Ohio-898, reopening disallowed, 2012-Ohio-349.

{**¶13**} As a consequence, Brooks has not met the standard for reopening. Accordingly, the application for reopening is denied.


KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
JAMES J. SWEENEY, J., CONCUR