[Cite as *State v. Preston*, 2022-Ohio-1057.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

STATE OF OHIO,                                   :

    Plaintiff-Appellee,                      :

                                              No. 109572

    v.                                               :

MICHAEL PRESTON,                             :

    Defendant-Appellant.                   :

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  APPLICATION DENIED
**RELEASED AND JOURNALIZED:**  March 30, 2022

Cuyahoga County Court of Common Pleas
Case No. CR-18-634913-A
Application for Reopening
Motion No. 552602

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee*.

Michael Preston, *pro se*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Michael Preston has filed an application for reopening pursuant to App.R. 26(B).  Preston is attempting to reopen the appellate judgment rendered in

*State v. Preston*, 8th Dist. Cuyahoga No. 109572, 2021-Ohio-2278, that affirmed his conviction and sentence for the offenses of reckless homicide, aggravated robbery, felonious assault, and aggravated robbery imposed in *State v. Preston*, Cuyahoga C.P. No. CR-18-634913-A. We decline to reopen Preston's appeal because it is untimely filed as required by App.R. 26(B)(1).

{¶ 2} App.R. 26(B)(2)(b) requires that Preston establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> [w]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants,"* *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7, 8, and 10. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-

3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶ 3} Herein, Preston is attempting to reopen the appellate judgment that was journalized on July 1, 2021. The application for reopening was not filed until February 15, 2022, more than 90 days after journalization of the appellate judgment in *Preston*, *supra*. Preston argues that delays associated with the prison mail room and a lack of sufficient funds to pay for postage establish good cause for the untimely filing of his application for reopening. A delay associated or caused by a prison mail delivery system does not establish good cause for the untimely filing of an application for reopening. *State v. Black*, 8th Dist. Cuyahoga No. 108001, 2020-Ohio-3278; *State v. Campbell*, 8th Dist. Cuyahoga No. 105488, 2018-Ohio-3494; *State v. Harris*, 8th Dist. Cuyahoga No. 104329, 2018-Ohio-839.

{¶ 4} In addition, the lack of funds to mail an application does not establish good cause for the untimely filing of an application for reopening. *State v. Graves*, 8th Dist. Cuyahoga No. 88845, 2007-Ohio-5430, *reopening disallowed*, 2010-Ohio-4881 (indigence does not establish good cause for the untimely filing of an application for reopening); *see also State v. Brooks,* 8th Dist. Cuyahoga No. 94978, 2012-Ohio-915 (lack of funds to mail application did not establish good cause for the untimely filing); *State v. Braddy*, 8th Dist. Cuyahoga No. 83462, 2004-Ohio-3128, *reopening disallowed*, 2005-Ohio-282 (lack of adequate funds to mail an application for reopening does not establish good cause for untimely filing).

{¶ 5} Finally, the Supreme Court of Ohio has established that good cause cannot excuse the lack of timely filing for an indefinite period of time:

> Good cause can excuse the lack of a filing only while it exists, not for an indefinite period. *See State v. Hill* (1997), 78 Ohio St.3d 174, 1997-Ohio-293, 677 N.E.2d 337; *State v. Carter* (1994), 70 Ohio St.3d 642, 1994-Ohio-55, 640 N.E.2d 811. We specifically reject [applicant's] claim that once an applicant has established good cause for filing more than ninety days after journalization * * *, it does not matter when the application is filed.

*State v. Davis*, 86 Ohio St.3d 212, 214, 714 N.E.2d 384 (1999).

{¶ 6} Herein, the appellate judgment subject to reopening was journalized on July 11, 2021. More than eight months have passed since we rendered our appellate opinion. Thus, we find that even if good cause was established, the time for filing an application for reopening has long passed. *State v. Williams*, 8th Dist. Cuyahoga No. 106266, 2019-Ohio-4780; *State v. Churn*, 8th Dist. Cuyahoga No. 105782, 2019-Ohio-4052; *State v. Marshall*, 8th Dist. Cuyahoga No. 87334, 2019-Ohio-1114; *State v. McCornell*, 8th Dist. Cuyahoga No. 93274, 2015-Ohio-3764.

{¶ 7} Accordingly, the application for reopening is denied.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR